[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

No. 11-12177
Non-Argument Calendar

_____

D.C. Docket Nos. 1:08-cv-03701-TWT
1:07-md-1845-TWT

TIMOTHY T. MITCHELL,
Individual; and as next friend for
JEM, a minor child; and as next
friend for ADM, a minor child,
DONNA KAYE MITCHELL,

Plaintiffs - Appellants,

versus

CONAGRA FOODS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 27, 2011)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Donna Mitchell and Timothy Mitchell, individually and as next friend for J.E.M. and A.D.M. (collectively, the plaintiffs), appeal an adverse summary judgment on their claims against ConAgra Foods, Inc. After careful review, we affirm.

This case arises out of ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. Following the recall, the plaintiffs filed this action in Texas state court, alleging that they contracted Salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. ConAgra removed the action on diversity grounds to the U.S. District Court for the Northern District of Texas, and the action was then transferred to the Northern District of Georgia for consolidated pretrial proceedings with hundreds of similar personal injury lawsuits against ConAgra in In re: ConAgra Peanut Butter Products Liability Litigation, No. 1:07-md-01845 (the "MDL").

After the case was transferred, the district court entered a case management order that states:

> In lieu of service of documents pursuant to Fed.R.Civ.P. 5, service of all papers shall be made on liaison counsel for plaintiffs ... [p]laintiffs' liaison counsel shall be responsible for the receipt and

2

dissemination of each served document to all known plaintiffs' counsel.

The case management order also required all filing in the case to be performed electronically in accordance with the court's procedures on electronic filing. The court's procedures, per a Northern District of Georgia Standing Order available on the court's website, required all attorneys in good standing admitted to practice before the Bar of the court, including attorneys admitted pro hac vice, to register for access to the court's Case Management/Electronic Case Filing (CM/ECF) system. See Northern District of Georgia Standing Order # 04-01 In Re: Procedural Rules for Electronic Case Filing in Civil and Criminal Cases. The MDL plaintiffs' liaison counsel was a registered user of the Northern District of Georgia's CM/ECF system, but the plaintiffs' counsel in this case did not register for CM/ECF access until the second week of September, 2010, approximately two years after the case was transferred to the Northern District of Georgia.

On June 15, 2010, before the plaintiffs' counsel in this case registered for CM/ECF access, the district court entered an order requiring the plaintiffs to complete a two-page case status report by July 2, 2010. The plaintiffs failed to submit a case status report by that date. As a result, on August 18, 2010, the district court entered an order requiring that the plaintiffs show cause why the

matter should not be dismissed with prejudice for failure to file a case status report. The plaintiffs failed to respond to the show cause order, so, on September 2, 2010, the court dismissed the plaintiffs' claims with prejudice. The following day the court mailed the dismissal order to the plaintiffs, and approximately one week later the plaintiffs moved for reconsideration and to set aside the dismissal. The district court granted the plaintiffs' motion and reinstated the case on September 15, 2010.

Meanwhile, on July 7, 2010, ConAgra moved for summary judgment on the ground that the plaintiffs' alleged onset of symptoms occurred prior to the manufacture of the peanut butter the plaintiffs alleged they purchased. The plaintiffs never responded to ConAgra's motion for summary judgment. As a result, on September 16, 2010, one day after the district court reinstated the plaintiffs' case, it granted ConAgra summary judgment. The plaintiffs then moved for reconsideration of the summary judgment order, arguing that they never received notice of ConAgra's summary judgment order and that disputed issues of material fact precluded summary judgment, but the district court denied their motion.

On appeal, the plaintiffs first argue that once the case was dismissed on September 2, 2010, ConAgra's July 7, 2010, motion for summary judgment was

4

rendered moot. They cite no authority for this position. Nor do they explain how ConAgra's failure to renew its summary judgment motion unfairly prejudiced them. As the plaintiffs' response to the summary judgment motion was due on July 28, 2010, according to the local rules, the motion was ripe for adjudication when the district court ruled on it. It was not necessary, therefore, for ConAgra to renew its motion for summary judgment in order for the district court to rule on it.

The plaintiffs next argue that they never received notice of ConAgra's motion for summary judgment before it was granted. There is no dispute, however, that the MDL plaintiffs' liaison counsel was properly served with all pleadings, motions, and orders in the case. And, under the court's case management order, that service constituted service on the plaintiffs. Moreover, the plaintiffs professed lack of knowledge of the pending summary judgment motion only resulted from their own attorney's failure to maintain contact with the MDL plaintiffs' liaison counsel and to timely register for the CM/ECF system, which the district court's case management order and standing order required. Based on these facts, the district court did not err in concluding that the plaintiffs were not relieved of their duty to respond to ConAgra's motion for summary judgment or prosecute their case.

The plaintiffs also argue that disputed issues of material fact existed that

precluded summary judgment. However, as the plaintiffs failed to respond to ConAgra's motion for summary judgment, they waived this argument. Transamerica Leasing, Inc. v. Institute of London Underwriters, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001). The district court did not abuse its discretion in refusing to consider this argument when the plaintiffs raised it in their Rule 59 motion for reconsideration, as such a motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Lastly, the plaintiffs argue that ConAgra's counsel committed fraud on the court in failing to personally notify them that a motion for summary judgment was pending and in failing to attach certain evidence to its motion for summary judgment. However, even if we accept these allegations as true, none of this conduct constitutes fraud on the court. As we explained above, service on the MDL plaintiffs' counsel constituted service on the plaintiffs, and ConAgra had no duty to attach any of the plaintiffs' evidence to its motion for summary judgment.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of ConAgra.

**AFFIRMED.**